**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES A. STACEY and ALBERT W. ALLEN,

    Plaintiffs,

v.                                                  Case No. 05-CV-72777-DT

ZF LEMFORDER,

    Defendant.
                                     /

**ORDER DENYING DEFENDANT'S "MOTION TO DISMISS"**

Pending before the court is Defendant ZF Lemforder's August 18, 2005 "Motion to Dismiss." Defendant's motion has been fully briefed and the court has determined that a hearing is not required. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Defendant's motion.

**I. BACKGROUND**

Plaintiffs James Stacey and Albert Allen filed their Complaint on July 14, 2005. In their complaint, Plaintiffs allege that Defendant is a Delaware corporation with its principal place of business in the state of Michigan. (Pls.' Compl. at ¶5.) Plaintiffs also contend that Plaintiff Stacey is a resident of "the [c]ounty of Brevard, State of Florida" and Plaintiff Allen is a resident of "the [c]ounty of Penobscot, State of Maine." (*Id.* at ¶¶3-4.) Defendant does not dispute Plaintiffs' contention relating to Allen's alleged citizenship, but does argue that "at the time of the filing of this lawsuit, the preponderance of the evidence will establish that Stacey was domiciled at 45553 Baldwin Court, Canton, Michigan and therefore is a citizen of the State of Michigan."

(Def.'s Mot. at 1.)  Defendant contends that because both it and Plaintiff Stacey are citizens of the state of Michigan, diversity jurisdiction does not exist and the case must be dismissed.  (*Id.*)

## II.  STANDARD

Pursuant to 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties.  28 U.S.C. §1332(a).  The party invoking diversity jurisdiction must prove domicile by a preponderance of the evidence.  *Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753, 760 (E.D. Mich. 1990) (*citing McNutt v. General Motors Acceptance Corp. Of Indiana*, 298 U.S. 178, 189 (1936).

A federal district court has jurisdiction over a diversity action if complete diversity of citizenship exists at the time the complaint is filed.  *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Bateman v. E.I. DuPont De Nemours & Co.*, 7 F.Supp.2d 910, 911 (E.D. Mich. 1998).  Citizenship for 28 U.S.C. §1332 purposes is synonymous not with "residence" but with "domicile."  *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968).  A citizen, in nature, can only have one domicile at a given time but may have several places of residence.  *Williamson v. Osenton*, 232 U.S. 619, 625 (1914). The establishment of a citizen's domicile requires "only the occurrence of (1) physical presence at the new location with (2) an intention to remain there indefinitely, or the absence of any intention to go elsewhere."  *Holmes v. Sopuch*, 639 F.2d 431, 433 (8th Cir. 1981); *Bateman*, 7 F.Supp.2d at 911.

## III.  DISCUSSION

The present dispute is centered on the second requirement for diversity jurisdiction under 28 U.S.C. § 1332.  In order to establish complete diversity under 28 U.S.C. § 1332, Plaintiffs must show that Plaintiff Stacey ("Stacey") had physical presence in a place other than the state of Michigan and had the intention to remain there indefinitely at the time that Plaintiffs' complaint was filed.  Stacey contends that his domicile is in the state of Florida, in the city of Indialantic.  (Stacey Aff. at ¶4.)  He has offered numerous items of evidence in support of this contention.  For example, Stacey moved to Florida in July 2000 and obtained his Florida driver's license in December 2000.  (*Id.* at ¶¶2,4; Pls.' Resp. at Ex. 2.)  In addition, Stacey became a registered voter in Florida in December 2000 (Pls.' Resp. at Ex. 3) and contends that he cast his vote in the 2004 presidential election in Florida.  (*Id.* at 4.)  Since 2000, Stacey has claimed a homestead exemption on his Florida residence.  (*Id.* at Ex. 4.)  He has registered his vehicles in the state of Florida since 2000 and insured them with Florida automobile insurance.  (*Id.* at Ex. 5.)  In addition, he divorced his wife in Florida in 2001.  (*Id.* at Ex. 6.)  Stacey has both savings and checking accounts in Florida. (Stacey Aff. at ¶4.)  His Florida residence is listed on his W-2s and pay stubs.  (*Id.* at ¶9.)

Despite Plaintiffs' evidence, Defendant contends Stacey's domicile is in Michigan because Stacey purchased a house in Michigan and lived there with his wife since the middle of 2004.  (Rose Aff. at ¶11.)  Defendant further claims that Stacey's Florida house is simply a vacation home.  (Def.'s Reply at 3-4.)  In addition, Defendant stated that "[during] the twelve months preceding this action, [Stacey] was actually in Michigan on 223 days.  He attended business meetings, sales meetings, concerts, cookouts, and

3

social events in Michigan. He got his hair cut in Michigan, uses a Michigan primary care physician, uses a Michigan dentist and has his principal checking account in Michigan." (Def.'s Reply at 2; Rose Aff. at ¶9.)

Defendant's evidence falls short of convincing the court that Stacey's domicile is in Michigan. First, Stacey's action to purchase a house in Michigan does not automatically prove his domiciliary intent was in Michigan. *Williamson*, 232 U.S. at 625. In fact, when Defendant terminated Stacey's job on June 27, 2005, Stacey listed his Michigan house for sale one day later on June 28, 2005. (Pls.' Resp. at Ex. 7.) This tends to show that Stacey's purpose of purchasing a house in Michigan was for the convenience of his employment at Defendant's Michigan office. Defendant's argument that Stacey's Florida residence is a vacation home is speculative. Defendant provided no conclusive evidence to this court to support its argument. On the contrary, given Plaintiff's supporting evidence, if not for employment at Defendant's Michigan office, Stacey would likely be in Florida. (Pls.' Resp. at Exs. 1-6.)

Second, most of Stacey's activities in Michigan are activities related to his employment with Defendant. Stacey's acceptance of employment in Michigan and his job related activities in Michigan alone are not sufficient to prove that Stacey manifests an intent to change his domicile to Michigan. No evidence has been presented to show that Stacey obtained Michigan driver's license, registered his vehicles or obtained Michigan automobile insurance. Stacey did not register to vote in Michigan and did not claim tax exemptions in Michigan. In sum, most of the evidence presented reflecting

4

Stacey's Michigan connection is employment related.[1]  These employment related events do not convince the court that Stacey intended to remain in Michigan indefinitely or without any intention to go elsewhere.  *Holmes*, 639 F.2d at 433; *Bateman*, 7 F.Supp.2d at 911.

In sum, Stacey has established by a preponderance of the evidence that his "domicile" for the purpose of 28 U.S.C. §1332(a) diversity jurisdiction is in Florida, not in the state of Michigan.  Therefore since Stacey does not share common citizenship with Defendant, complete diversity jurisdiction exists under 28 U.S.C. §1332(a).  Accordingly, this court has jurisdiction over this controversy.

### IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss" [Dkt # 4] is DENIED.

IT IS ALSO ORDERED that Defendant file an answer to Plaintiffs' complaint no later than **October 11, 2005** and the parties file a 26(f) report no later than **October 18, 2005.**

IT IS FURTHER ORDERED that the parties participate in a status conference on **November 1, 2005** at **3:30 p.m.**

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

---

[1] Surely, if Stacey has to work in Michigan for a significant portion of time, he will not go to Florida just to get his hair cut and to see Florida physicians and dentists.  It is also understandable that he would have many social events in Michigan as well as in Florida.

Dated:  September 29, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2005, by electronic and/or ordinary mail.

                                             S/Lisa Wagner

                                             Case Manager and Deputy Clerk
                                             (313) 234-5522