**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMES STACEY and ALBERT ALLEN,

    Plaintiffs,

v.                      Case No. 05-CV-72777-DT

ZF LEMFORDER CORPORATION,

    Defendant.
                                 /

**ORDER DENYING PLAINTIFFS' "MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM"**

Pending before the court is Plaintiffs' "Motion to Dismiss Defendant's Counterclaim." Having reviewed the motion, the court concludes that a hearing is unnecessary. E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will deny Plaintiffs' motion.

**I. FACTS**

In its counterclaim, Defendant ZF Lemforder asserts that Plaintiff James Stacey was obligated to pay taxes to the State of Michigan because he was domiciled and employed in Michigan. (Def.'s Counterclaim at ¶ 56.) Defendant further alleges that "[u]pon information and belief, Stacey created a fictitious domicile in Florida in an effort to avoid the payment of Michigan taxes." (*Id.* at ¶ 57.) Defendant grounds its counterclaim in its contention that "[Plaintiff] Stacey[,] as President and Chief Operating Officer of ZF Lemforder[,] owed a duty of loyalty to the corporation . . ., [which he] breached . . . when he misused his authority . . . to order his subordinates, including Plaintiff [Albert] Allen, to not withhold taxes from his paycheck due to be paid to the

[S]tate of Michigan." (*Id.* at ¶¶ 59-60.)  Defendant also alleges that Plaintiff Allen breached his duty of loyalty to the company when he did not withhold taxes from Plaintiff Stacey's paycheck, despite being advised to do so.  (*Id.* at ¶ 61.)  Essentially, Defendant's counterclaim is that "[a]s a result of Stacey's breach of his duty of loyalty, ZF Lemforder has incurred tax exposure and liability in the amount in excess of $40,000."  (*Id.* at ¶ 62.)

## II.  STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).  A motion to dismiss may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Pratt v. Ventas, Inc.,* 365 F.3d 514, 519 (6th Cir. 2004) (internal quotation marks and citation omitted).  "When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor."  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual

allegations. *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *Johnson v. City of Detroit*, 319 F. Supp. 2d 756, 759-60 (E.D. Mich. 2004).

"In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).[1]

---

[1] The court will apply the foregoing standard in deciding Plaintiffs' "Motion to Dismiss Defendant's Counterclaim."

### III.  DISCUSSION

### A.  Standing

In their "Motion to Dismiss Defendant's Counterclaim," Plaintiffs argue that Defendant does not allege that it has "actually incurred any particular damages, or that the State of Michigan has taken action against Defendant or if it ever will." (Pls.' Mot. at 3.)  Plaintiffs contend that "Defendant's counterclaim is based upon a contrived fear that the State of Michigan will somehow seek relief from Defendant sometime in the future, if ever, due to alleged improper state income tax withholdings of [Plaintiff Stacey]." (*Id.* at 2.)  Plaintiffs claim, therefore, that "Defendant lacks standing to assert its counterclaim because it is not ripe for judicial resolution." *Id.*  On the other hand, Defendant argues that "it has already had to pay to the State of Michigan in excess of $40,000, an amount of money that was supposed to have been withheld from Stacey's paycheck. . . which has the real world effect of causing ZF Lemforder to pay taxes twice for having employed Stacey."  (Def.'s Resp. at 2-3.)

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies."  The doctrine of standing determines which disputes satisfy this "case or controversy" requirement.  *See Allen v. Wright*, 468 U.S. 737, 750-752 (1984) (discussing standing's relationship to Article III).  The Supreme Court has held that the "irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

> First, the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the

defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. The party invoking federal jurisdiction bears the burden of establishing these elements.

*Id.* at 560-61. (Internal citations and quotations omitted.)

In Paragraph 62 of its counterclaim, Defendant states that "[a]s a result of Stacey's breach of his duty of loyalty, ZF Lemforder has incurred tax exposure and liability in the amount in excess of . . . $40,000." (Def.'s Counterclaim at ¶ 62.) As the court must draw all inferences in favor of Defendant for purposes of Plaintiffs' motion, the court cannot conclude that "Defendant only pled that it has a potential tax exposure" in its counterclaim, as Plaintiffs contend. By stating that it has "liability in the amount in excess of . . . $40,000," Defendant could be contending that it has indeed already paid this amount, as it states more explicitly in its response to Plaintiffs' motion, (Def.'s Resp. at 2-3), and that it is currently liable for taxes that were allegedly improperly not withheld from Plaintiff Stacey's earnings, (Def.'s Counterclaim at ¶ 62). *Columbia Natural Res., Inc.*, 58 F.3d at 1109 (holding that "[w]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor."). The court determines, therefore, that Defendant's counterclaim is not untenable due to a lack of standing.

### B. Ripeness

"The ripeness doctrine not only depends on the finding of a case and controversy and hence jurisdiction under Article III, but it also requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances." *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985). "The basic rationale of the ripeness doctrine 'is to prevent the courts, through avoidance of

5

premature adjudication, from entangling themselves in abstract disagreements. . . .'" *Id.* "[Q]uestions of ripeness, the court has held, are resolved through two inquiries. Courts must first 'determine whether the issues tendered are appropriate for judicial resolution' and then 'assess the hardship to the parties if judicial relief is denied at that stage.'" *Id.* at 801-02. "The precise focus of ripeness doctrine is that it is 'peculiarly a question of timing.'" *Id.* at 802.

> Ripeness requires us to weigh several factors in deciding whether to address the issues presented for review. First, we examine the "likelihood that the harm alleged by [the] plaintiffs will ever come to pass." *United Steelworkers, Local 2116 v. Cyclops Corp.*, 860 F.2d 189, 194 (6th Cir.1988). Second, we consider whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims. *Id.* at 195. Finally, we must assess the "hardship to the parties if judicial relief is denied at [this] stage" in the proceedings. *Id.*; *see also Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 162, 87 S.Ct. 1520, 1523, 18 L.Ed.2d 697 (1967).

*Adult Video Ass'n v. U.S. Dept. of Justice*, 71 F.3d 563, 568 (6th Cir. 1995). In the instant case, Defendant has pled harm of more than $40,000 of its own money. The extent of the damages experienced by Defendant would presumably be discernible from the corporation's tax records and other business documents. The court also determines that there is little harm to the parties in allowing Defendant to proceed on its counterclaim because the harm allegedly experienced by Defendant arises out of the same set of facts that led to Plaintiff Stacey's termination. Most significantly, if Plaintiffs improperly refused to withhold taxes as Defendant alleges, thereby causing Defendant to incur a monetary liability, Defendant has indeed experienced a harm. The court, therefore, determines that Defendant's counterclaim does not fail for lack of ripeness.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiffs' "Motion to Dismiss Defendant's Counterclaim" [Dkt. # 14] is DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  December 15, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 15, 2005, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522