**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES A. STACEY and ALBERT W. ALLEN,

    Plaintiffs,

v.                                             Case No. 05-CV-72777-DT

ZF LEMFORDER CORPORATION,

    Defendant.
                                        /

**OPINION AND ORDER GRANTING PLAINTIFF'S NOVEMBER 6, 2006,**
**OBJECTIONS, REVERSING IN PART MAGISTRATE JUDGE CAPEL'S**
**OCTOBER 26 AND 27, 2006 ORDERS AND**
**DENYING PLAINTIFF'S MOTION TO STRIKE**

Pending before the court is the latest in a series of discovery disputes between Plaintiffs James A. Stacey and Albert W. Allen and Defendant ZF Lemforder Corporation. The dispute was initially resolved in Defendant's favor by Magistrate Judge Capel in orders filed October 26 and 27, 2006. Plaintiffs filed objections to the orders on November 6, 2006, challenging only the portion of Magistrate Judge' Capel's order that relates to the depositions of Defendant's employees, Heidrun Fuerst and Nicole Roth. Defendant filed a response on November 27, 2006, and at that point the matter was ripe for determination. However, Plaintiffs then filed a motion to strike Defendant's response brief, thus instigating a new round of briefing which is now finally concluded. For the reasons stated below, the court will deny Plaintiffs' motion to strike, but grant their objections to the Magistrate Judge's October 26 and 27, 2006 orders.

## I. INTRODUCTION

The issue before the court is whether the depositions of Defendant's internal auditors, Heidrun Fuerst and Nicole Roth, can be compelled by a simple deposition notice, to occur in Michigan, or whether Plaintiffs must comply with the procedures of the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters. Magistrate Judge Capel found that Plaintiffs must comply with the Hague Convention, because Fuerst and Roth were not "managing agents" of Defendant. The court finds this conclusion to be contrary to law and will therefore reverse the magistrate judge's orders and order that Fuerst and Roth be produced for deposition.

## II. STANDARD

Under 28 U.S.C. § 636(b)(1)(a), subject to certain exceptions, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." The magistrate judge's determination may be reconsidered by the district court "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

## III. DISCUSSION

### A. Plaintiffs' Objections to the Magistrate Judge's Orders

"A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court . . ." Fed. R. Civ. P. 30(a)(1). Depositions of officers, directors, or managing agents of a party corporation may be taken by noticing the deposition of that particular person pursuant to Federal Rule of Civil Procedure 30(b)(1). *See Libbey Glass, Inc. v. Oneida, Ltd.,* 197 F.R.D. 342, 349 (N.D.

Ohio 1999); *United States v. Afram Lines, Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). "[A] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *Afram Lines*, 159 F.R.D. at 413. "Such a witness must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure, or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." *Id.*

The law surrounding the identification of a managing agent is "sketchy." *Libbey Glass, Inc.,* 197 F.R.D. at 349 (quoting *Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1452 (D.C. Cir. 1986)). "Largely because of the vast variety of factual circumstances to which the concept must be applied, the standard, like so many others in the law, remains a functional one to be determined largely on a case-by-case basis." *Id.* at 349 (quoting *Founding Church*, 802 F.2d at 1452). "Courts are, however, 'in general agreement that the term[ ] Managing Agent . . . should not be given too literal an interpretation, and that applications thereunder should be treated and determined on an ad hoc basis." *Id.* (quoting *Kolb v. A.H. Bull Steamship Co.*, 31 F.R.D. 252, 254 (E.D.N.Y.1962)). "As in all matters appertaining to discovery, it is the ends of justice that are to be served." *Id.* at 350 (quoting *Founding Church*, 802 F.2d at 1453).

Courts generally hold that whether a proposed deponent is a managing agent is "dependent largely on the functions, responsibilities and authority of the individual involved *respecting the subject matter of the litigation*." *Id.* at 350 (emphasis added) (quoting *Kolb*, 31 F.R.D. at 254). Thus, "[w]hether a proposed deponent falls into a particular category of employees or agents is therefore less relevant than the

3

individual's specific functions and authority." *Libbey Glass*, 197 F.R.D. at 350 (quoting *Afram Lines,* 159 F.R.D. at 413).

"[T]he examining party has the burden of providing enough evidence to show that there is at least a close question whether the proposed deponent is a managing agent." *Afram Lines,* 159 F.R.D. at 413. Cases that fall into the "grey area" are therefore resolved in favor of the examining party. *Id.*

In light of this line of case law, the court finds that the magistrate judge's October 26 and 27, 2006 orders are contrary to law in their conclusion that Fuerst and Roth are not "managing agents" of Defendant. The magistrate judge placed too much emphasis on whether the employees were general "decision-makers" of Defendant, rather than looking as a whole at their functions, responsibilities and authority, particularly with respect to the subject matter of this litigation. *See Kolb*, 31 F.R.D. at 254. The main issue involved in this litigation is whether Defendant had cause to terminate Plaintiffs under the terms of Plaintiffs' employment contracts. Defendant relies on Plaintiffs' failure to pay Michigan taxes and other alleged accounting improprieties as the cause for Plaintiffs' termination. Although Reinhard Buhl was the ultimate decision-maker who terminated Plaintiffs, it appears that he relied heavily, if not exclusively, on the recommendations and reports of the two auditors. (*See* 8/2/06 Buhl Dep. at 111-12, Pls.' Ex. 1.) The two auditors had been appointed, or "ordered" (*id.* at 112), to look into Plaintiffs' employment and accounting activities and issue a final report. (*Id.* at 82.) The auditors concluded, among other things, that Stacey was a resident of Michigan and that he owed Michigan taxes. (*Id.* at 83.) The auditors also identified other violations of company policy, ranging from abuse of the company car and travel expense policies to

questioning whether Stacey had "put enough efforts into managing the business." (Audit Reports, Pls.' Ex. 3 & 4.)  The auditors' reports and recommendations were communicated to Ken Rose, Matthias Benz and Julio Caspari and, in turn, to Buhl. (8/2/06 Buhl Dep. at 82, Pls.' Ex. 1.)  Buhl testified that he did not make his own judgment as to whether Plaintiffs' actions were proper or improper, but instead relied on the auditors, whom he considered "experts."  (*Id.* at 112.)

Under these facts, it was clearly erroneous to conclude that the auditors, at least for purposes of this litigation, were not managing agents of Defendant.  Looking at the specific functions and authority which the auditors were given to investigate the activities of Plaintiffs and to make conclusions based on their investigations, the auditors must be treated as managing agents for purposes of this litigation in order to serve the ends of justice.  *See Libbey Glass*, 197 F.R.D. at 350.  It was clearly erroneous for the magistrate judge to not find, at a minimum, that the facts of this case fall into the "grey area" which must be resolved in favor of Plaintiffs.  *See Afram Lines,* 159 F.R.D. at 413.  Plaintiffs cite to *Tomingas v. Douglas Aircraft Co.,* 45 F.R.D. 94 (S.D.N.Y. 1968), for further support that Fuerst and Roth are managing agents.  The facts in *Tomingas* are strikingly similar to those present in this case:

> The two proposed deponents herein were engineers, both of whom were sent by defendant, as its representatives, to assist the Canadian investigation team.  Both men were the sole employees of defendant to be present at that investigation.  Both men were in complete charge of identifying the minute pieces of the wreckage.  Both men appear to possess an identity of interests with their principal, and it likewise appears that they would be responsive to any future directions by their principal either to participate in other accident investigations or to give testimony at the demand of opposing parties to a litigation.
>
> This Court concludes, therefore, that although Dundore and Kempa may

5

>   not be 'managing agents' in the course of their everyday duties for the
>   defendant corporation, they are 'managing agents' for the purpose of
>   giving testimony regarding the accident investigation, a most relevant
>   aspect of this litigation. Although the characterization of these two
>   proposed deponents as 'managing agents' is not free from doubt,
>   whatever doubt remains should be resolved in favor of the examining
>   party in that the ultimate determination as to whether the defendant herein
>   shall be bound by the testimony of Dundore and Kempa 'is to be made by
>   the trial court.'

*Tomingas,* 45 F.R.D. at 96-97 (citations omitted). The court finds the reasoning of *Tomingas* persuasive, and holds that the auditors are managing agents subject to deposition by notice under Federal Rule of Civil Procedure 30(b)(1). *Afram Lines,* 159 F.R.D. at 413.

Moreover, the court has reviewed the correspondence attached to Plaintiffs' October 2, 2006 "Emergency Motion to Compel Depositions," and finds it significant that Defendant's counsel originally did not object to depositions of the auditors by notice under Rule 30(b)(1). To the contrary, in a July 24, 2006 letter, Defendant's counsel responded to a request for the auditors' depositions as follows:
"However, we can't get the auditors, Nicole Roth and Heidrun Fuerst, here for any of the dates you have identified and therefore propose a September trip to Germany where Buhl, Roth and Fuerst can be accomplished on one occasion." (7/24/06 letter, Pls.' 10/2/06 Mot. Ex. A.) Nothing is said in this letter about improper notice or complying with the Hague Convention. Two days later, Defendant's counsel again suggested the first week of September as an appropriate time to depose the auditors and Buhl. (7/26/06 Email, Pls.' 10/2/06 Mot. Ex. A.) Approximately two months later, with the depositions still not accomplished, Plaintiffs' counsel asked Defendant's counsel whether the auditors could be deposed in Michigan or whether they would need to be

deposed in Germany, to which Defendant's counsel asserted: "With regard to ZF's internal auditors, Heidrun Fuerst and Nicole Roth, you have known for several months that they are not coming to this country.  Any deposition of them must be taken in Germany."  (9/27/06 Letter, Pls.' 10/2/06 Mot. Ex. A.)  Just two days later, Defendant provided the first notification that its auditors would not be voluntarily produced, but that Plaintiffs would have to comply with the Hague Convention.   (9/29/06 Letter, Pls.' 10/2/06 Mot. Ex. A.)  From the progression of this correspondence, it appears to the court that Defendant either (1) originally intended to voluntarily produce the auditors in Germany and subsequently change their mind or (2) never intended to voluntarily produce the auditors but wanted to induce Plaintiffs' counsel into thinking that they would be produced.  Under either scenario, the court finds Defendant's counsel's behavior to be contrary to the discovery obligations of the Federal Rules.[1]

Pursuant to Federal Rule of Civil Procedure 37, the court has broad discretion to make such orders as are just to redress discovery abuse.  The court has previously warned Defendant's counsel that it would be monitoring this case and would not tolerate discovery abuses.  (*See* 2/28/06 Tr. at 33.)  In light of Defendant's failure to adhere to this warning, and consistent with the court's broad authority to monitor discovery, the

---

[1] Indeed, the correspondence attached to Plaintiffs' October 2, 2006 motion reveals a pattern of obstinate behavior by Defendant's counsel, no doubt designed to increase Plaintiffs' counsel's difficulty in obtaining the requested discovery and therefore slow the discovery process.  Although the remainder of Defendant's behavior is not at issue in this motion, the court cautions Defendant that its blatant stalling tactics (e.g., failing to provide available dates for depositions, proposing deposition dates on days already scheduled for other deposition dates or on days known to be unavailable to Plaintiffs' counsel, proposing a deposition date but giving Plaintiffs only one hour to confirm availability) have not gone unnoticed by the court.

court will order that the depositions of Fuerst and Roth occur in Michigan, **within 28 days of the date of this order**, at a time and date convenient to Plaintiffs' counsel. Defendant will bear the expense of producing Fuerst and Roth in Michigan. However, if conducting the deposition in Michigan will *unduly* burden Fuerst and Roth pursuant to Federal Rule of Civil Procedure 26(c), the court will entertain the possibility of allowing the depositions to occur in Germany, at a time and date selected by Plaintiffs' counsel. If the depositions occur in Germany, Defendant will be required to pay for all travel costs incurred by Plaintiffs' attorneys, including the additional reasonable attorney fees necessitated by the travel. If Defendant wishes to explore this possibility, it must contact the court's case manager **within 7 days of the date of this order**. The court's case manager will schedule a telephone conference to occur immediately to discuss whether the depositions will occur in Germany.

### B. Plaintiffs' Motion to Strike Defendant's Response

Also pending before the court is Plaintiffs' motion to strike Defendant's November 27, 2006 response to their objections. Plaintiffs present two bases for striking the response: (1) the response is untimely and (2) the response relies on evidence which was not presented to the magistrate judge.

The court quickly dismisses Plaintiffs' first argument. Defendant's response was due on November 24, 2006, which happened to fall on the Friday immediately following Thanksgiving Day. By authority of the local Chief Judge, the Eastern District of Michigan's court house was closed on November 24, 2006. The parties dispute whether Defendant was nonetheless required to electronically file its brief on the 24th,

or whether the court's closing operated to extend the response deadline to November 27th.  Plaintiffs argue that because the 24th was not a weekend or one of the enumerated holidays under Federal Rule of Civil Procedure 6(a), Defendant was still required to file its response on the 24th.  Defendant, of course, disagrees, and presents its own theory as to why the 27th was timely.  The court need not resolve this hotly contested yet, frankly, trivial issue.  Despite being assured of its own legal argument, Defendant also obtained confirmation from the court's case manager that the response was not due until November 27th.  The court's case manager has authority to grant short extensions to filing deadlines.  (11/08/06 Scheduling Order at 5-6.)  Thus, even if the brief was due on the 24th, Defendant obtained an extension to file it on the 27th.  Defendant's brief was therefore timely.

Plaintiff also argues that Defendant's response should be stricken because it relies on evidence which was not presented to the magistrate judge.  *See Cooper Hospital/University Medical Center v. Sullivan,* 183 F.R.D. 119, 127 (D.N.J. 1998) ("In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge.").  Although the court agrees that Defendant improperly placed evidence before the court that was not presented to the magistrate judge (and in some cases not even obtained until after the magistrate judge's orders were entered), the court declines to strike the brief in its entirety.  Instead, the court simply did not consider evidence which was clearly not presented to the magistrate judge.  The court is not persuaded that the further sanction of striking the entire brief is warranted.  Plaintiffs' motion to strike will therefore be denied.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiffs' "Objections to Magistrate Judge's October 26, 2006 and October 27, 2006 Orders . . ." [Dkt. # 68] is GRANTED and the magistrate judge's October 26 and 27, 2006 orders [Dkt. ## 65 & 67] are REVERSED IN PART to reflect that Heidrun Fuerst and Nicole Roth are managing agents of Defendant and must be produced for deposition within 28 days of the date of this order.  Counsel is further INSTRUCTED to comply with the requirements of this opinion in producing Fuerst and Roth for deposition.

IT IS FURTHER ORDERED that Plaintiffs' "Motion to Strike . . ." [Dkt. # 73] is DENIED.

       S/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated:  January 23, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 23, 2007, by electronic and/or ordinary mail.

       S/Lisa Wagner  
       Case Manager and Deputy Clerk  
       (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-72777.STACEY.Objection.ManagingAgentDepo.wpd